STATE OF IOWA, Substituted for MRS. C. H. SANDERS, Appellant, v. GEORGE H. HIBNER AND J. W. JAMISON, Trustee.

Abatement of Liquor Nuisance: EVIDENCE: *Cross-examination.* Where, in an action to enjoin a liquor nuisance, two witnesses had testified to a sale of liquor in defendant's place by his clerk during a carnival, and such clerk had testified that defendant did not keep any liquors to his knowledge, it was proper to ask such clerk, on cross-examination, whether he had sold whisky to anybody looking like such witness during such carnival.

*Same.* Where, in an action to enjoin a liquor nuisance a witness had testfied that he and another person had obtained whisky at defendant's place and defendant had denied on direct examination that he had sold whisky to either of such persons and on cross-examination stated that he did not keep any whisky or beer during the time claimed, it was proper further to ask him whether he had any empty bottles back of his prescription case, as tending to contradict his former statements.

*Same.* Defendant, in an action to restrain a liquor nuisance, testified on cross-examination that he did not keep any whisky during 1899, and was asked whether he had not kept other intoxicating liquors, and whether he had not bought whisky during the spring of that year. *Held*, admissible, since the question was not only as to selling, but also whether he kept liquors for illegal sale.

SUBSTITUTION OF COUNTY ATTORNEY TO PROSECUTE: *Private plaintiff.* Where, in an action to enjoin a liquor nuisance, defendant presented a paper signed by plaintiff, requesting the dismissal of the action on refusal of the court to dismiss it, an order directing that the action proceed under the care of the county attorney, without assistance, could not prejudice the state; it appearing that the county attorney was fully conversant with the case, and capable of conducting the examination.

*Appeal from Linn District Court.*—HON. W. G. THOMPSON, Judge.

TUESDAY, OCTOBER 22, 1901.

THIS action in equity is to enjoin the defendant Hibner, as keeper, and the defendant Jamison, trustee, as owner, from maintaining a liquor nuisance on the premises described. The defendants answered separately, and thereafter defendant Hibner filed a request in writing, signed by Mrs. Sanders, asking the court to dismiss the action. It appearing to the court (Judge Remley presiding) that defendant Hibner had secured this writing from the plaintiff by a payment of $10, the court refused to dismiss the case, and ordered that the state be substituted as party plaintiff, and that the case proceed under the direction of the county attorney, "with the other counsel assisting, if they desire." The case came on for trial before Judge Thompson, and, after full hearing, a decree was entered dissolving the temporary injunction, and the plaintiff's petition was dismissed, from which plaintiff appeals.—*Reversed.*

*W. O. Clemans, Rickel & Crocker,* and *John A. Reed* for appellant.

*F. L. Anderson* and *Jamison & Smyth* for appellees.

GIVEN, C. J.—I.   The defendant objected to any other counsel appearing for the state than the county attorney, he being present. "The Court to the County Attorney:   I should think you should conduct this examination. (The state excepts.)"   If this may be said to be a ruling on the objection, and to be erroneous, it was without prejudice to the state, as the county attorney appears to have been fully conversant with the case, and capable of conducting the examination.

II.   Witnesses Perigo and Mefferd having testified to a sale of liquors in defendant's place by the clerk during the carnival, one Jackson testified that he was clerk, and that defendant did not keep any liquors to his knowledge. He was asked on cross-examination: "Did you sell any whisky to anybody looking like these gentlemen

during the carnival?" And to this defendant's objection was sustained. The question was proper cross-examination.

One Anderson having testified that he and Sanders got whisky at Hibner's place, Hibner testified that he never sold them whisky or liquor, and on cross-examination said that he did not keep any whisky or beer during carnival week. He was then asked if he had any empty bottles back of his prescription case, to which defendant objected as not proper cross-examination, and the objection was sustained. We think this evidence might well have been admitted, as tending to contradict the statement previously made. Defendant Hibner was asked, "Did you keep any whisky during the year 1899?" to which he answered, "No." He was then asked, "Did you keep any other intoxicating liquors?" Defendant objected as not cross-examination, and the objection was sustained. Witness was then asked, "Have you bought whisky during the spring of the year?" which was objected to for the same reason. "The Court: The question is whether he sold any. (Objection sustained. State excepts.)" The question was not only as to selling, but also whether he kept for illegal sale. The objection should have been overruled.

III. Counsel for appellant discuss the evidence, and insist that upon the merits the court erred in its decree. We will not set out the evidence. It is sufficient to say that it leaves no doubt but that the defendant Hibner kept for sale and sold intoxicating liquors in violation of law in the premises described during the time charged, and that the defendant J. W. Jamison knew that the premises were being so used.

The decree of the district court is reversed, and the case remanded for a decree against the defendants in harmony with this opinion.—REVERSED.